**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| LOUIS GREEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-13-1092 |
| § | |
| BANK OF AMERICA N.A., *et al.*, § | |
| § | |
| Defendants. § | |

**MEMORANDUM AND ORDER**

Louis Green seeks a temporary restraining order (TRO) in his suit against Bank of America N.A., TXL Mortgage Corporation, and Mortgage Electronic Registration Systems (MERS). Green's home was sold at a foreclosure sale. He wants the court to stop the defendants' eviction action. (Docket Entry No. 5). Based on the pleadings, the motion, and the governing law, Green's request for a TRO is denied. The reasons are explained below.

**I.      Background**

In June 2009, Green took out a home loan from TXL. Green signed a Promissory Note and Deed of Trust. MERS was named as nominee for TXL in the Deed of Trust. Green alleges that the loan was transferred to Bank of America as trustee for a mortgage-backed trust. Green alleges that the rules governing the trust are set out in a Pooling and Servicing Agreement (PSA). Green alleges that, at some point, one of the defendants — Green does not say which one — foreclosed on the home.

Green sued the defendants in state court. He obtained a TRO to prevent the defendants from evicting him, but that TRO has expired. The defendants timely removed the suit to this court. On

June 3, 2013, Green again moved for a TRO to prevent the defendants from evicting him. Green contends that he should not be evicted because the defendants' foreclosure was illegal. He asserts that the defendants lacked standing to foreclose and alleges claims for fraud in the concealment, fraud in the inducement, intentional infliction of emotional distress, slander of title, to quiet title, Real Estate Settlement Practices Act (RESPA) violations, and Truth in Lending Act (TILA) violations. Green also alleges that the eviction would cause him irreparable injury because "having no right to redeem the property from the sale, [Green] will forfeit the property since the sale took place." (*Id*. at 4).

## II.     Analysis

To obtain a TRO, a plaintiff must establish: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008). A TRO is an "extraordinary remedy." *Planned Parenthood of Houston & S.E. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (internal quotation marks and citation omitted).

One problem with Green's request for a TRO is that it appears to enjoin a state-court proceeding. Green states in his TRO application that he is "subject to eviction action." (Docket Entry No. 5 at 1). To the extent that there was a forcible detainer proceeding and an eviction order, this court lacks the ability to provide the requested relief. "'The Anti–Injunction Act generally prohibits federal courts from interfering with proceedings in state court.'" *Health Net, Inc. v. Wooley*, 534 F.3d 487, 493 (5th Cir. 2008) (quoting *Vines v. Univ. of La.*, 398 F.3d 700, 704 (5th

2

Cir. 2005) (citing 28 U.S.C. § 2283)).  The statute states that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  The statute is strictly construed.  There are three exceptions, but none apply here.  *See Atl. Coast Line R.R. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286–87 (1970); *Health Net*, 534 F.3d at 493; *Vines*, 398 F.3d at 704.  In a recent unpublished opinion, the United States Court of Appeals for the Fifth Circuit upheld a district court's denial of a TRO to prevent an eviction because "[t]he relief sought, in practical effect, would enjoin [the mortgage company] from enforcing a valid extant judgment of a Texas court."  *Knoles v. Wells Fargo Bank, N.A.*, 2013 WL 617010 (5th Cir. Feb. 19, 2013).  That case — like this one — involved a Texas resident who sued to prevent an eviction by a mortgage company that had previously foreclosed on his home.[1]

Green's TRO request also fails because he has not shown a substantial likelihood of success.  Green refers to the litany of conclusory claims and allegations in his complaint but does not allege

---

[1] The Fifth Circuit explained:

> In Texas, if a county court has ruled in a forcible detainer action that one party is entitled to possession, a state district court in a later suit regarding title does not have jurisdiction, prior to its final decree, to "alter the status quo" by issuing "an injunction restraining the enforcement" of the county court's judgment. *Cuellar v. Martinez*, 625 S.W.2d 3, 5 (Tex. Civ. App.—San Antonio 1981, no writ.).  Here, the county court ruled in a forcible detainer action that Wells Fargo was entitled to possession despite the claims brought by Knoles.  When the United States District Court refused to alter possession prior to a final decree, it was giving the same deference to the county court judgment as would a Texas district court.

*Id.* at *2.

3

any facts or point to any evidence supporting those claims. Many of Green's allegations fail as a matter of law.

The basis for Green's challenge to the assignments of his mortgage is difficult to understand. To the extent that Green alleges that the assignments exist but that they were faulty, he likely lacks the ability to challenge them. Texas courts have noted that "assignments are contracts that are only enforceable by parties to the contract." *Hazzard v. Bank of Am. NA*, 2012 WL 2339313, at *3 (S.D. Tex. June 19, 2012) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam)). In *Tri-Cities Constr. Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ.), the court distinguished between assignments that are void and those that are merely voidable. Only the latter can be challenged by the obligor:

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not pay the same claim twice.

*Id.* at 430; *see also Tyler v. Bank of America, N.A.*, 2013 WL 1821754, at *5 (W.D. Tex. Apr. 29, 2013) (holding that a mortgagor has standing to attack an assignment that is void but not one that is voidable).[2]

Green alleges that the trust is a New York asset-backed trust. New York law applies. Under New York law "every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. EST. POWERS

---

[2] A void contract is "invalid or unlawful from its inception," while a voidable contract "is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract." 17A C.J.S. CONTRACTS § 169.

& TRUSTS LAW § 7–2.4. Courts applying New York law have treated actions by trustees as voidable. *See Mooney v. Madden*, 193 A.D.2d 933, 933–34 (N.Y. App. Div. 1993). Because assignments made after the trust's closing date are voidable, rather than void, Green likely lacks authority to challenge the assignments of his mortgage.

Even assuming that Green has standing to challenge the assignments, he has not shown that he is likely to succeed on the merits of that challenge. Although Green alleges that his mortgage is part of a securitized trust, he does not state which one. Courts have noted that the documents governing mortgage-backed trusts often do not require a chain of written mortgage assignments when, as here, MERS has been named nominee for the mortgagee in a deed of trust. *See, e.g.*, *Sigaran v. U.S. Bank*, 4:12-3588 (S.D. Tex. May 29, 2013); *Colton v. U.S. Nat. Bank Ass'n*, 2013 WL 1934560, at *4 (N.D. Tex. May 10, 2013) ("[I]t is reasonable that the PSA would not require that a MERS-designated mortgage loan be assigned to U.S. Bank to evidence transfer of ownership to the Trust. The purpose of MERS is to avoid the task of preparing and recording separate assignments for each mortgage conveyance.").

Green also contends that the holder of his Promissory Note was not the beneficiary of the Deed of Trust. Green has not provided copies of either the Note or Deed of Trust and does not state who the Note holder is or why his allegations are relevant to the defendants' authority to foreclose. Additionally, "Texas differentiates between enforcement of a note and foreclosure — the latter enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision." *Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 1777487, at *2 (5th Cir. Apr. 26, 2013). The defendants need not hold the Note in order to exercise authority to foreclose. It is sufficient that "the mortgage was assigned by MERS, which had been given such power, including

the power to foreclose, by the deed of trust." *Id.*[3] Green has not demonstrated that he is likely to succeed on his arguments that the defendants lacked authority to foreclose on his home.

Green alleges that the defendants committed fraud by concealing incentives that were paid to third-parties, credit-enhancement agreements, acquisition provisions, material terms of the loan transaction, and that Green's mortgage loan had changed hands. Green also alleges that the defendants committed fraud by misrepresenting that they were entitled to exercise the Deed of Trust's power-of-sale provision and that they were the "holders" or beneficiaries of the Note and Deed of Trust. The elements of the claim under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Rule 9(b) requires a complaint asserting a fraud claim to "state with particularity the circumstances constituting the fraud." FED. R. CIV. P. 9(b). Green's fraud allegations have no factual or evidentiary support and are unlikely to survive a motion to dismiss under Federal Rules 12(b)(6) and 9(b). Green does not state in either his complaint or TRO application what incentives any of the defendants paid to third-parties, why these incentives were fraudulent, how he was harmed by these incentive payments, or how he relied on them. Green similarly fails to explain what terms of the

---

[3] Several courts applying Texas law have held that "a transfer of an obligation secured by a note also transfers the note." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011); *see also Bierwirth v. BAC Home Loans Servicing, L.P.*, 2012 WL 3793190, at *4 (Tex. App.—Austin Aug. 30, 2012) ("Although [the mortgagor's] note containing the express right to transfer did not identify MERS, [the mortgagor's] deed of trust did identify MERS, and because the note and deed of trust must be read together when evaluating their provisions, MERS had the authority to assign the note and the deed of trust."). Under this view, MERS's authority to assign the deed of trust also made it competent to assign the note.

loan transaction were not disclosed and how he relied on this nondisclosure to his detriment. Green's fraud claims arising out of the defendants' alleged misrepresentation that they were holders of the Note and had authority to foreclose fail for the reasons stated above. Green has not shown that he is likely to succeed on the merits of his fraud claims.

Green alleges that the defendants intentionally inflicted emotional distress on him by misrepresenting that they were entitled to exercise the Deed of Trust's power-of-sale provision and by falsely claiming that they had a right to foreclose on Green's property, despite lacking any interest in that property. To prevail in a suit for intentional infliction of emotional distress in Texas, a plaintiff must show: (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature. *Burden v. General Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995). Green has not made any nonconclusory allegations that the defendants engaged in intentional conduct that was extreme or outrageous. Green has not shown that he is likely to succeed on the merits of his intentional infliction of emotional distress claim.

Green alleges that the defendants violated the TILA by failing to provide him with accurate material disclosures and by "not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable-rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders." (Docket Entry No. 1-1 at 34). Green further alleges that the TILA "requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix." (*Id.*). The TILA defines disclosures that must be made in certain consumer-credit transactions, including disclosure of the consumer's right to rescind up to three business days following consummation of the transaction,

delivery of a notice of right to rescind, or delivery of all material disclosures, whichever occurs last. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3) & (b). There is no right of rescission with respect to "residential mortgage transactions." *See* 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f)(1); *Perkins v. Cent. Mortg. Co*, 422 F.Supp.2d 487, 489 (E.D. Pa. 2006) (explaining that the right of rescission does not apply to residential mortgage transactions). A "residential mortgage transaction" means "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w). Green has not made any nonconclusory allegations suggesting that he has a valid TILA claim. Green's TRO request and complaint do not state which material disclosures required by TILA the defendants failed to provide. Additionally, even if the defendants violated TILA, Green has not provided any basis for seeking recision of his mortgage agreement as would be necessary in order to provide this court with a basis for enjoining his eviction. His loan was a "residential mortgage transaction" that is not eligible for recision under § 1635(e)(1) of TILA. Green has not shown that he is likely to succeed on the merits of his claim for rescission under TILA.

Green alleges that the defendants violated RESPA. He alleges that the payments between the defendants "were misleading and designed to create a windfall." (Docket Entry No. 1-1 at 35). RESPA provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). RESPA also prohibits any person from giving or accepting "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other

than for services actually performed." 12 U.S.C. § 2607(b). Green fails to make any nonconclusory allegations suggesting that any of the defendants paid kickbacks or unearned fees. Green's RESPA claims are also likely time-barred. RESPA claims based on Section 8 are subject to a one-year statute of limitations when brought by private plaintiffs. 12 U.S.C. § 2614. Green did not file suit until several years after he signed his 2009 mortgage. *See Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 & n. 3 (5th Cir. 2003) (affirming dismissal of plaintiffs' RESPA claims as time-barred and explaining that the statute of limitations begins to run when the violation is alleged to have occurred). Green has not shown that he is likely to succeed on his RESPA claims.

Because Green has not alleged a sufficient basis for a TRO, it must be denied.

### III.   Conclusion

The application for a TRO, (Docket Entry No. 5), is denied.

SIGNED on June 4, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge