IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LOUIS GREEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1092 |
| | § | |
| BANK OF AMERICA N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

Louis Green's home was sold at a foreclosure sale. Green sued his original mortgage lender, TXL Mortgage Corporation; its nominee, Mortgage Electronic Registration Systems (MERS); and its servicer and assignee, Bank of America, N.A., alleging a lack of authority to foreclose, fraud, intentional infliction of emotional distress, quiet title, slander of title, declaratory relief, violations of the Truth in Lending Act (TILA), violations of the Real Estate Settlement Procedures Act (RESPA), and rescission. Bank of America and MERS have moved for summary judgment. (Docket Entry No. 9). TXL Mortgage Corporation has not been served. Green did not respond to the summary judgment motion. Green also failed to comply with the court's orders to confer with defense counsel under Rule 26(f) of the Federal Rules of Civil Procedure to prepare a joint case management plan and to appear in court at a Rule 16 initial pretrial conference.

Green's suit is dismissed for want of prosecution and failure to follow court orders. Although such a dismissal would be without prejudice, Bank of America and MERS are entitled to summary judgment. While TXL Mortgage has not been served, it would also be entitled to summary judgment on the same grounds. Final judgment dismissing the case with prejudice is entered by

separate order.

The reasons are set out in detail below.

**I.     Background**

In June 2009, Green took out a home loan from TXL and signed a Promissory Note and Deed of Trust. The Deed of Trust named MERS as nominee for TXL. (Docket Entry No. 9, Exs. A, A-1 & A-2). BAC Home Loans Servicing f/k/a Countrywide Home Loans Servicing L.P. became Green's loan servicer.

Green failed to make his monthly mortgage payments. On September 20, 2010, Bank of America notified Green of the default and gave him an opportunity to cure by October 25, 2010. (*Id*., Ex. A-6). Green did not cure the default and stopped making any payments. (*Id*., Ex. A-3).

On July 1, 2011, BAC Home Loan Servicing merged into Bank of America, N.A. On July 29, 2011, MERS assigned Green's mortgage to BAC Home Loan Servicing. Bank of America retained Recontrust Company, N.A. to begin the foreclosure process. (*Id*., Exs. A, ¶11 & A-5). On May 1, 2012, Recontrust sent Green a notice stating that his Note had been accelerated. (*Id*., Ex. A-7). On August 10, 2011, Recontrust sent Green a notice advising him that the substitute trustee would sell the property on September 4, 2012. (*Id*., Ex. A-8). Bank of America purchased the property at the foreclosure sale for $205,237.63. (*Id*., Exs. A, ¶17 & A-9).

After the defendants began eviction proceedings, Green sued them in state court and obtained a temporary restraining order to stop eviction. That order expired. The defendants timely removed to this court. On June 3, 2013, Green again moved for a temporary restraining order to prevent eviction, contending that the defendants' foreclosure was illegal because they lacked standing to foreclose. Green also claimed fraud in the concealment, fraud in the inducement, intentional

infliction of emotional distress, slander of title, violations of the Real Estate Settlement Practices Act (RESPA) and the Truth in Lending Act (TILA), and claimed a right to quiet title.

In a June 4, 2013 order, this court denied Green's request for a temporary restraining order on the grounds that he sought to enjoin a pending state-court proceeding and that he had failed to show a likelihood of success on the merits. This court issued orders for the parties to confer and prepare a joint case management plan under Rule 26(f) of the Federal Rules of Civil Procedure and to appear in court for an initial pretrial conference under Rule 16. Green failed to confer and failed to appear at the conference. (Docket Entry Nos. 8 & 11). MERS and Bank of America moved for summary judgment, and Green did not respond.

## II.     The Summary Judgment Standard

"Summary judgment is appropriate if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Colony Ins. Co. v. Peachtree Const., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011) (quoting FED. R. CIV. P. 56(a)). "'Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving parties, there is no genuine issue for trial.'" *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Under Rule 56, the moving parties "bear[ ] the initial burden of 'informing the district court of the basis for [their] motion, and identifying those portions of [the record] which [they] believe[] demonstrate the absence of a genuine issue of material fact.'" *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The parties moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but 'need not negate the elements of

the non-movant['s] case.'" *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)); *see also Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996). If the moving parties fail to meet their initial burden, the motion for summary judgment must be denied, regardless of the nonmovants' response. *See Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001); *Little*, 37 F.3d at 1075.

When the moving parties have met their Rule 56 burden, the nonmoving parties cannot merely rest on the allegations in their pleadings. *See Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349–50 (5th Cir. 2005); *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995). Rather, they are required to "'go beyond the pleadings'" and produce probative evidence to show "'that there is a genuine issue for trial.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075; citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 586–87); *see also Izen v. Catalina*, 398 F.3d 363, 366 (5th Cir. 2005); *Taita Chem. Co.*, 246 F.3d at 385. If they do so, their evidence "is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *see also Hillman*, 697 F.3d at 302; *Taita Chem. Co.*, 246 F.3d at 385. If, however, the nonmovants fail to respond appropriately, or if they fail to respond at all, summary judgment is not awarded to the moving parties simply by default. *See Ford–Evans v. Smith*, 206 F. App'x 332, 334 (5th Cir. 2006); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995); *Hibernia Nat'l Bank v. Administracion Cent. Soc. Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *John v. Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985). Instead, summary judgment is appropriate only if the moving parties have demonstrated the absence of a genuine issue of material fact, and shown that judgment is warranted as a matter of law. *See Adams*

*v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006); *Hetzel*, 50 F.3d at 362 n.3 (quoting *Hibernia Nat'l Bank,* 776 F.2d at 1279).

**III.     Analysis**

This court dismisses Green's suit under Federal Rule of Civil Procedure 41(b) for want of prosecution and failure to follow court orders.  Green failed to confer with the defendants on a proposed scheduling order, did not attend this court's initial conference, and did not respond to the defendants' summary judgment motion.  While this dismissal would be without prejudice, the defendants are entitled to summary judgment dismissing all Green's claims with prejudice.

The basis for Green's challenge to the assignments of his mortgage is difficult to understand.  To the extent that Green alleges that the assignments exist but that they were faulty, the allegation fails as a matter of law.  Texas courts have stated that "assignments are contracts that are only enforceable by parties to the contract."  *Hazzard v. Bank of Am. NA*, 2012 WL 2339313, at *3 (S.D. Tex. June 19, 2012) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002) (per curiam)).  In *Tri-Cities Constr. Inc. v. Am. Nat'l Ins. Co.*, 523 S.W.2d 426 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ.), the court distinguished between assignments that are void and those that are merely voidable.  Only the latter can be challenged by the obligor:

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not pay the same claim twice.

*Id.* at 430; *see also Tyler v. Bank of America, N.A.*, 2013 WL 1821754, at *5 (W.D. Tex. Apr. 29, 2013) (holding that a mortgagor has standing to attack an assignment that is void but not one that is voidable).[1]

Green alleges that the trust is a New York asset-backed trust. New York law applies. Under New York law "every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void." N.Y. EST. POWERS & TRUSTS LAW § 7–2.4. Courts applying New York law have treated actions by trustees as voidable. *See Mooney v. Madden*, 193 A.D.2d 933, 933–34 (N.Y. App. Div. 1993). Because assignments made after the trust's closing date are voidable, rather than void, Green cannot challenge the assignments of his mortgage.

Even if Green could challenge the assignments, he has not alleged facts showing, or identified or submitted to evidence suggesting, that the assignments are ineffective. The defendants have submitted evidence that the Deed of Trust named MERS as nominee and that MERS assigned Green's mortgage to Bank of America Loan Servicing, which became Bank of America. Green alleges only that his mortgage is part of a securitized trust. He does not allege facts and has not submitted a Pooling and Service Agreement (PSA) or other trust documents. Courts have noted that documents governing mortgage-backed trusts often do not require a chain of written mortgage assignments when, as here, MERS is named the nominee for the mortgagee in a deed of trust. *See, e.g.*, *Sigaran v. U.S. Bank*, 4:12-3588 (S.D. Tex. May 29, 2013); *Colton v. U.S. Nat. Bank Ass'n*, 2013 WL 1934560, at *4 (N.D. Tex. May 10, 2013) ("[I]t is reasonable that the PSA would not

---

[1] A void contract is "invalid or unlawful from its inception," while a voidable contract "is one where one or more of the parties have the power, by the manifestation of an election to do so, to avoid the legal relations created by the contract." 17A C.J.S. CONTRACTS § 169.

require that a MERS-designated mortgage loan be assigned to U.S. Bank to evidence transfer of ownership to the Trust. The purpose of MERS is to avoid the task of preparing and recording separate assignments for each mortgage conveyance.").

Green also contends that the defendants could not foreclose because the holder of his Promissory Note was not the beneficiary of the Deed of Trust. "Texas differentiates between enforcement of a note and foreclosure — the latter enforces a deed of trust, rather than the underlying note, and can be accomplished without judicial supervision." *Martins v. BAC Home Loans Servicing, L.P.*, 2013 WL 1777487, at *2 (5th Cir. Apr. 26, 2013). The defendants need not hold the Note in order to exercise authority to foreclose. It is sufficient that "the mortgage was assigned by MERS, which had been given such power, including the power to foreclose, by the deed of trust." *Id.*[2] The defendants have submitted undisputed evidence that Bank of America had foreclosure authority under the Deed of Trust. Summary judgment is granted in the defendants' favor on Green's claims that they "lacked standing" to foreclose.

Green alleges that the defendants committed fraud by concealing incentives paid to third parties, credit-enhancement agreements, acquisition provisions, material terms of the loan transaction, and the fact that his mortgage loan had changed hands. Green also alleges that the defendants committed fraud by misrepresenting that they were entitled to exercise the Deed of

---

[2] Several courts applying Texas law have held that "a transfer of an obligation secured by a note also transfers the note." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011); *see also Bierwirth v. BAC Home Loans Servicing, L.P.*, 2012 WL 3793190, at *4 (Tex. App.—Austin Aug. 30, 2012) ("Although [the mortgagor's] note containing the express right to transfer did not identify MERS, [the mortgagor's] deed of trust did identify MERS, and because the note and deed of trust must be read together when evaluating their provisions, MERS had the authority to assign the note and the deed of trust."). Under this view, MERS's authority to assign the deed of trust also made it competent to assign the note.

Trust's power-of-sale provision and that they were the holders or beneficiaries of the Note and Deed of Trust.

The elements of a fraud claim under Texas law are "(1) a [material] misrepresentation that (2) the speaker knew to be false or made recklessly (3) with the intention to induce the plaintiff's reliance, followed by (4) actual and justifiable reliance (5) causing injury." *Rio Grande Royalty Co., Inc. v. Energy Transfer P'Ship, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). Green has failed to allege facts or identify or provide evidentiary support for his fraud claims. He has not alleged or pointed to any evidence showing what incentives the defendants paid to third parties, why these incentives were fraudulent, how he was harmed by these incentive payments, or how he relied on them. Green similarly fails to allege facts or to identify evidence showing what terms were not disclosed or how he relied on any nondisclosure to his detriment. The defendants have submitted the Note and Deed of Trust, each of which discloses the terms of the mortgage and contains Green's signature. Green's fraud claims arising out of the defendants' alleged misrepresentations that they were holders of the Note and had authority to foreclose also fail because, as explained above, Green has not alleged facts or pointed to evidence supporting an inference that the defendants lacked authority to foreclose. Summary judgment is granted on Green's fraud claims.

Green alleges that the defendants intentionally inflicted emotional distress by misrepresenting that they were entitled to exercise the Deed of Trust's power-of-sale provision and by falsely claiming that they had a right to foreclose. To prevail in a suit for intentional infliction of emotional distress in Texas, a plaintiff must show: (1) intentional or reckless conduct; (2) that is extreme or outrageous; (3) that caused emotional distress; and (4) that was severe in nature. *Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 218 (5th Cir. 1995). Green has not made factual allegations

or identified evidence showing that Bank of America acted intentionally or recklessly or that it engaged in extreme and unlawful conduct. Green has also failed to make factual allegations or identify evidence showing that Bank of America's actions caused him severe emotional distress. Bank of America, on the other hand, has submitted evidence showing that it was the servicer and, later, assignee of the Green's mortgage and that it had authority to foreclose under Texas law. Summary judgment is granted on Green's claim for intentional infliction of emotional distress.

Green asserts that the defendants violated TILA by failing to provide him with accurate material disclosures and by "not taking into account the intent of the State Legislature in approving this statute which was to fully inform home buyers of the pros and cons of adjustable-rate mortgages in a language (both written and spoken) that they can understand and comprehend; and advise them to compare similar loan products with other lenders." (Docket Entry No. 1-1 at 34). Green alleges that TILA "requires the lender to offer other loan products that might be more advantageous for the borrower under the same qualifying matrix." (*Id*.). TILA requires disclosures in certain consumer-credit transactions, including disclosures of a consumer's right to rescind up to three business days after a transaction. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a)(3) & (b). But there is no right of rescission with respect to "residential mortgage transactions." *See* 15 U.S.C. § 1635(e)(1); 12 C.F.R. § 226.23(f)(1); *Perkins v. Cent. Mortg. Co*, 422 F. Supp. 2d 487, 489 (E.D. Pa. 2006) (explaining that the right of rescission does not apply to residential mortgage transactions). A "residential mortgage transaction" means "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(w).

The defendants also moved for summary judgment on Green's TILA claims on limitations grounds. TILA damage claims are subject to a one-year limitations period, *id.* § 1640(e), while rescission claims are subject to a three-year limitations period, *id.* § 1635(f). The defendants point out that Green's Note and Deed of Trust were signed in June 2009. (Docket Entry No. 9, Exs. A, A-1 & A-2). Green did not bring suit until almost four years later on April 1, 2013. Even if the three-year limitations period applies, Green's TILA claims would be barred. Summary judgment is granted on Green's claims for TILA violations.

Green alleges that the defendants violated RESPA because the payments between the defendants "were misleading and designed to create a windfall." (Docket Entry No. 1-1 at 35). RESPA provides that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person." 12 U.S.C. § 2607(a). RESPA also prohibits any person from giving or accepting "any portion, split, or percentage of any charge made or received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed." 12 U.S.C. § 2607(b). Green fails to allege facts or to identify evidence suggesting that the defendants paid kickbacks or unearned fees. Green's RESPA claims are also time-barred. RESPA claims are subject to a one-year statute of limitations when brought by private plaintiffs. 12 U.S.C. § 2614. Green did not file suit until almost four years after he signed his 2009 mortgage agreement. *See Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 359 & n.3 (5th Cir. 2003) (affirming dismissal of plaintiffs' RESPA claims as time-barred and explaining that

the statute of limitations begins to run when the violation is alleged to have occurred). Summary judgment is granted on Green's RESPA claims.

## III.    Conclusion

The defendants' motion for summary judgment is granted. Green's suit is also dismissed for want of prosecution and failure to follow court orders.

SIGNED on July 30, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge